IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHRISTOPHER JAMES WESTON                                          PLAINTIFF

v.                          Case No. 4:23-cv-4034

CORRECTIONAL OFFICER GULLEY;
CORRECTIONAL OFFICER TAYLOR;
OFFICER ROSSO; SERGEANT EVANS;
and JOHN DOE OFFICERS                                             DEFENDANTS

**ORDER**

Plaintiff, Christopher James Weston, originally filed this 42 U.S.C. § 1983 action *pro se* on March 14, 2023. ECF No. 1. Along with his Complaint, Plaintiff submitted an Application to Proceed *in forma pauperis* ("IFP"). ECF No. 2. The Court provisionally filed Plaintiff's Complaint on March 14, 2023. ECF No. 3. Currently before the Court is Plaintiff's failure to comply with orders of the Court.

On March 14, 2023, the Court found Plaintiff's IFP Application deficient and ordered him to file a completed IFP Application by April 3, 2023. ECF No. 3. This order was mailed to Plaintiff at the address he provided on his Complaint, the Hempstead County Detention Center. On March 31, 2023, the Order was returned as undeliverable mail and marked "no longer here." Plaintiff was given until May 1, 2023 to provide the Court with a new address. ECF No. 5.

On April 4, 2023, to ensure Plaintiff was no longer incarcerated at the Hempstead County Detention Center, the Court entered an Order to Show Cause directing Plaintiff to show cause why he failed to comply with the Court's Order to file a completed IFP Application. ECF No. 6. This Order was also mailed to the Hempstead County Detention Center, and it was not returned as undeliverable mail. ECF No. 6. Plaintiff's response to the Order to Show Cause was due April

25, 2023.  *Id*.  To date, Plaintiff has not responded.[1]

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).  Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey multiple Court Orders.  Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed.  Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 2nd day of May, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[1] Plaintiff also failed to provide the Court with a new mailing address.  However, since the Court's second mailing to Plaintiff at the Hempstead County Detention Center was not returned as undeliverable, the Court presumes there is no new address to provide as he is still incarcerated at the Hempstead County Detention Center.